UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JAMES LEE WHEELER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 2:13-cv-00361-JMS-MJD |
| JOHN C. OLIVER, Warden, ) | |
| Respondent. ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

James Lee Wheeler, a federal inmate in this district, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 alleging that he has been denied orthopedic shoes in violation of the Eighth Amendment.

**I.**

Wheeler's habeas petition is before the court for preliminary review pursuant to Rule 4 of the *Rules Governing § 2254 Cases in United States District Courts,* which provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those *Rules* gives this Court the authority to apply the rules to other habeas corpus cases.

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a petitioner is challenging the fact or duration of confinement. *Preiser v. Rodriguez,* 411 U.S. 475, 490, (1973); *Waletzki v. Keohane,* 13 F.3d 1079, 1080 (7th Cir. 1994). A writ of habeas corpus may be granted where the defendant is in custody in violation of the Constitution or laws or treaties of the United States. *See* 28 U.S.C. § 2241(c)(3).

Wheeler's petition does not challenge the fact or duration of his confinement. Accordingly, this action is summarily **dismissed.**

**II.**

Wheeler's claim may be cognizable under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). This Court, however, will not convert his case into a civil rights action because such a conversion may lead to unanticipated consequences for Wheeler. *See generally Bunn v. Conley*, 309 F.3d 1002, 1004-1007 (7th Cir. 2002); *Wilkins v. Madigan*, 250 Fed. Appx. 747, 749, 2007 WL 2979935, 1 (7th Cir. 2007) (declining to convert § 2241 action to a civil rights action). For example, his claim would be screened as required by the Prison Litigation Reform Act, he would be required to exhaust his available administrative remedies prior to filing the complaint, and the case would be subject to the $400 filing fee for a civil action (as opposed to the $5.00 filing fee for a petition for writ of habeas corpus).

**III.**

For the reasons explained above, Wheeler's habeas petition is summarily dismissed. This dismissal shall be without prejudice, however, because Wheeler may pursue his claims through the filing of a civil rights complaint in a new action.

The **clerk is directed** to include a prisoner civil rights complaint form along with Wheeler's copy of this Entry.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Date: 10/17/2013

**Note to Clerk: Processing this document requires actions in addition to docketing and distribution.**

Distribution:

James Lee Wheeler
#01227-017
Terre Haute FCI
Inmate Mail/Parcels
P.O. Box 33
TERRE HAUTE, IN 47808